UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ANTHONY DAVID SMITH, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 1:12-cv-417 |
| ) | *Judge Curtis L. Collier* |
| DETECTIVE HENRY RITTER, ) | |
| DETECTIVE MARK MILLER, ) | |
| HAMILTON COUNTY SHERIFF'S DEPT., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of Plaintiff Anthony David Smith's ("Plaintiff") *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Court File No. 2), and his motion to proceed *in forma pauperis* (Court File No. 1).

Plaintiff claims that after he was arrested and handcuffed, both Detective Henry Ritter ("Detective Ritter") and Detective Mark Miller ("Detective Miller") used excessive force when they kicked him in the ribs, dragged him across rocks up to an embankment, and shoved him over the guardrail to the concrete below resulting in serious injury necessitating immediate treatment at Erlanger. Plaintiff requests $10,000.00 in actual medical damages and $250,000.00 in punitive damages (Court File No. 2).

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Thus, his motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1). Plaintiff's motion is **GRANTED** to the extent he does not have to *initially* pay the full $350.00 filing fee and **DENIED** to the extent that he is not relieved of the ultimate

responsibility of paying the full $350.00 filing fee, but instead, will pay the full fee as assessed. Since Plaintiff is a prisoner in custody at the Hamilton County Jail, he is **ASSESSED** the full civil filing fee of $350.00 under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

  (a)  twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

  (b)  twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and judgment to the Sheriff of Hamilton County, the Custodian of Records at the Hamilton County Jail, the Commissioner of the Tennessee Department of Corrections, the State Attorney General, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the PLRA relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become

available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is also **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has failed to specify in what capacity he is suing the Defendants or state a claim against them in their official capacity. As explained below, where Plaintiff's complaint is incurably without merit the Court will dismiss the claim. However, where the deficiency is able to be cured, the Court will permit Plaintiff to file an amended complaint. Plaintiff's failure to amend his complaint will result in the complaint being dismissed for failure to state a claim and for failure to

3

prosecute and to follow the orders of this Court. *See LaFountain v. Harry,* ___ F.3d ____, 2013 WL 2221569 (6th Cir. May 22, 2013) (overruling *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997) to the extent that *McGore* held that when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend, and vacating and remanding the district court's dismissal of some claims to determine whether to allow LaFountain to amend his complaint which was dismissed pursuant to the PLRA screening).

## III. FACTS

Plaintiff's complaint consists of the following allegations. On December 22, 2011, at approximately 12:30 a.m., after being involved in a car chase with an unmarked Hamilton County Sheriff's Department vehicle, Plaintiff exited his vehicle and ran. After a foot chase, Detectives Ritter and Miller ordered him to stop at gunpoint, identified themselves, and placed him under arrest for possession of methamphetamine. After he was arrested and handcuffed, he was kicked in the ribs by both detectives and was unable to walk. They dragged him across rocks up an embankment 25 feet to a guardrail in the 900 block of Shoal Creek Road and shoved him over the guardrail to concrete. Plaintiff's face struck the concrete causing his dentures to be shoved 3/4 inch deep into his gum crushing his pallet and causing severe facial and nerve damage. Plaintiff was immediately transported to Erlanger and was treated. These injuries required further treatment by a dentist.

This incident has caused Plaintiff to suffer severe physical injury, resulting complications, further treatments, and post-traumatic stress disorder requiring psychiatric treatment. Plaintiff requests $10,000.00 in actual medical damages and $250.000.00 in punitive damages. (Court File No. 2).

## IV. DEFENDANTS

### A. Detectives Ritter and Miller

Plaintiff has failed to identify in what capacity he has sued Detectives Ritter and Miller. The complaint does not indicate whether the detectives are being sued in their official capacities, individual capacities, or both. A suit brought against a public, government official will not be construed as seeking damages against a defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Perlfrey v. Chambers,* 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995). Generally, absent any indication a defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991).

As it stands now, it appears Plaintiff has sued these detectives only in their official capacities. A claim against a defendant in his official capacity is treated as an action against the governmental entity which employs him. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, a suit against Detectives Ritter and Miller in their official capacities only would be the equivalent of a suit against Hamilton County. Under such circumstances, Plaintiff would have to demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Hamilton County. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-91 (1978). In other words, in order to prevail on an action against Detectives Ritter and Miller, Plaintiff must show, first, that he has suffered harm because of a constitutional violation and second that a policy or custom of the entity–in this case Hamilton County–caused the harm. *See Collins v. Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). Thus, Plaintiff must identify the policy,

5

connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.,* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff has failed to state a claim against Defendant Detectives Ritter and Miller in their official capacities, and he has failed to identify in what capacity he is suing these two defendants. Because these are potentially curable deficiencies, Plaintiff will be given an opportunity to amend his complaint to do so. *See LaFountain v. Harry,* ___ F.3d ____, 2013 WL 2221569, at *6 (6th Cir. May 22, 2013).

### B. Hamilton County Sheriff's Department

Plaintiff also sues the Hamilton County Sheriff's Department. The Hamilton County Sheriff's Department is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Hamilton County Sheriff's Department is not a municipality but is merely a municipal agency or department of Hamilton County rather than a separate legal entity. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid*, 381 F.Supp.2d 723, 729 (W.D.Tenn. 2005) (granting summary judgment as to all claims against police department because it is not a legally-existing entity); *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor sheriff's department is a suable entity). Therefore, the Hamilton County Sheriff's Department is not a suable entity for § 1983 purposes, and all claims brought by Plaintiff against the Hamilton County Sheriff's Department pursuant to 42 U.S.C. § 1983 will be **DISMISSED** and the Hamilton County Sheriff's Department will be **DISMISSED** *sua sponte* from this lawsuit**.**

Accordingly, it is hereby **ORDERED** that:

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART AND DENIED IN PART** (Court File No. 1). The Custodian of Plaintiff's inmate trust account at the Hamilton County Jail **SHALL** submit, as an initial partial payment, 20% of the average monthly deposits to Plaintiff's trust account or 20% of the average monthly balance in Plaintiff's trust account for the six-month period preceding the filing of the complaint. Thereafter, the Custodian **SHALL** collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding months income and forward payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamilton County, the Custodian of Records at the Hamilton County Jail, the Commissioner of the Tennessee Department of Corrections, the State Attorney General, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the PLRA relating to payment of the filing fee.

All claims against Defendant Hamilton County Sheriff's Department are **DISMISSED** and the Hamilton County Sheriff's Department is **DISMISSED** *sua sponte* from this lawsuit (Court File No. 2). The Clerk is **DIRECTED** to reflect this ruling on the Court's CM/ECF system.

The Clerk **SHALL** mail Plaintiff a copy of this Memorandum and Order and a copy of his original complaint along with a blank § 1983 complaint, which Plaintiff **SHALL** entitle **AMENDED COMPLAINT**. Plaintiff is **GRANTED thirty (30) days** from the date of this Order in which to file a First Amended Complaint which **SHALL** cure all the deficiencies of pleading

7

noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original complaint as the original complaint will be superseded by the Amended Complaint. In other words, Plaintiff's Amended Complaint will replace his original complaint. Therefore, defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). To be perfectly clear, Plaintiff is warned that if his amended complaint fails to address the deficiencies noted above, it may be dismissed with prejudice and without further leave to amend. The Court cautions Plaintiff, if he chooses to amend his complaint he must do so within **thirty (30) days** from the date of this Order.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

8