UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ANTHONY DAVID SMITH, ) | |
| ) | |
|     *Plaintiff*, ) | |
| v. ) | No. 1:12-cv-417 |
| ) | *Judge Curtis L. Collier* |
| DETECTIVE HENRY RITTER, ) | |
| DETECTIVE MARK MILLER, ) | |
| Sued in Both Their Official and Individual ) | |
| Capacities, ) | |
| ) | |
|     *Defendants*. ) | |

## **MEMORANDUM AND ORDER**

The Court is in receipt of Plaintiff Anthony David Smith's ("Plaintiff") *pro se* amended prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Court File No. 4) and the Court's previous Order (Court File No. 3). Plaintiff has sued Defendant Detective Henry Ritter ("Detective Ritter") and Defendant Detective Mark Miller ("Detective Miller") in both their official and individual capacities (Court File No. 4).

**I. CLAIMS**

Plaintiff alleges he was traveling north bound on I-24, next to the Bellsouth Stadium, on December 22, 2012, when he noticed an unmarked SUV following him at speeds up to 100 miles per hour. Plaintiff exited I-24 onto Signal Mountain Boulevard, and the SUV continued to follow him. Plaintiff pulled off of Signal Mountain Boulevard into the Walmart parking lot and continued to be chased by the SUV in the parking lot, around the building, and back onto the boulevard. After Plaintiff passed the "space house" on Signal Mountain Boulevard, the lights were activated on the SUV, thus identifying itself as law enforcement. In addition, Plaintiff was subsequently "blue

lighted" by the Signal Mountain Police in the 900 block of Shoal Creek Road.

Plaintiff apparently ran as he alleges Detective Miller exited the SUV, entered the creek, and pursued him. Plaintiff further alleges that after both Defendant detectives ordered Plaintiff at gun point to stop, Plaintiff surrendered and was handcuff.

But that was not the end of the incident according to Plaintiff. Without identifying which Defendant detective was responsible each alleged act of excessive force, Plaintiff alleges after he was handcuffed he was kicked in the ribs twice; choked; dragged across rocks up a 25 foot embankment; and shoved over the guardrail to the concrete causing his face to hit the concrete, his dentures to be shoved 3/4 inches deep into his gums, crushing his pallet, and causing severe facial and nerve damage. Plaintiff alleges he was transported to the Hamilton County Sheriff's Office while in a state of hypothermia and was only transported to Erlanger once he became unresponsive, his heart rate dropped to 40 beats, and his temperature dropped to 95 degrees (Court File No. 4). Plaintiff seeks $10,000.00 in medical damages and $250,000.00 in punitive damages.

## II. SERVICE

The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for each Defendant. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within **twenty (20) days** of the date of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required will result in the dismissal of this action for failure to follow the Court's Order and failure to prosecute.

Defendants **SHALL** answer or otherwise respond to the complaint in compliance with Rule 12 of the Federal Rules of Civil Procedure. Specifically, the responsive pleading **SHALL** be served within the time limit required by Rule 12(a)(1)(A).

Plaintiff is **ORDERED** to inform the Court and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court **within ten (10) days** following any change of address will result in the dismissal of this action.

ENTER:

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**